UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  24-cv-_____

**MICHAEL LICHTER PHOTOGRAPHY, LLC**

      Plaintiff,

v.

**GIT CORP., GIT MEDIA GROUP INC.,
GRAPHIC IMAGING TECHNOLOGY, INC., and RAY PELOSI**,

      Defendants.

---

## COMPLAINT

---

This case arises out of Defendants' prolonged, repeated, and wholesale use of Plaintiff's copyrighted images in magazines that Defendants sell in print and digitally for profit. Accordingly, Plaintiff Michael Lichter Photography, LLC. (hereafter, "Lichter Photography"), by and through counsel, and, for its Complaint against Defendants GIT Corp., GIT Media Group, Inc., Graphic Imaging Technology, Inc., and Ray Pelosi, hereby alleges and avers as follows:

### THE PARTIES

1. Plaintiff Lichter Photography is a Colorado limited liability company with its principal place of business located at 3300 14th Street, Boulder, Colorado 80304. Lichter Photography is a commercial photography business specializing in photography depicting all aspects of motorcycling, particularly custom motorcycles and the "biker lifestyle." Since its

inception in 1977, Lichter Photography has developed a worldwide following, publishing more than 1,200 articles on motorcycling and custom motorcycles in national and international magazines and digital outlets in America, Canada, Europe, Japan, Mexico, and New Zealand. There is a significant commercial market for Lichter Photography's works.

2. Defendants GIT Corp., GIT Media Group, Inc., Graphic Imaging Technology, Inc., (collectively the "Corporate Defendants") upon information and belief, are New York corporations all with a principal place of business in Brooklyn, New York. Corporate Defendants are companies that license and digitize print content, which they then make available in digital form. Upon information and belief, Corporate Defendants have historically sold the digital content through their websites and through third-party retailers such as Amazon.com and eBay.com. Additionally, for the time periods alleged herein, Corporate Defendants were the licensee of the print magazine *Easyriders*, an American motorcycle magazine founded in 1970. With this license, Corporate Defendants sold past issues of *Easyriders* magazines digitally and in print. In December 2021, Corporate Defendants began publishing new issues of *Easyriders* magazine under their *Easyriders* license, which Corporate Defendants branded as "Classic Easyriders."

3. Upon information and belief, Defendant Ray Pelosi is a New York resident and is the operator and 100% owner, directly or indirectly, of the Corporate Defendants. Defendant Pelosi manages, directs, and is responsible for all the business decisions of each of the Corporate Defendants. In this position, Defendant Pelosi was responsible for and oversaw the content in the *Classic Easyriders* magazines and the payment of invoices to Lichter Photography.

4. Upon information and belief, Defendant Pelosi has owned and operated the Corporate Defendants in a manner such that each of the Corporate Defendants is an alter ego of the others and of Defendant Pelosi.

5. In July 2021, Corporate Defendants asked Plaintiff Lichter Photography to be a paid contributor of photographs and other content for the *Classic Easyriders* magazines. From July 2021 through December 2022, Plaintiff Lichter Photography supplied hundreds of photographs and other content to Corporate Defendants for use in *Classic Easyriders* with the understanding that Corporate Defendants would pay certain agreed amounts for the use and reproduction of this content, as well as other expenses, which amounts Corporate Defendants have failed to pay.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and under principles of supplemental jurisdiction outlined in 28 U.S.C. §§ 1338(b) and 1367. This Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. This Court has personal jurisdiction over Defendants because each of the Defendants has had substantial contacts with Colorado related to the actions and offenses alleged in this Complaint.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

9. Michael Lichter, owner of Michael Lichter Photography, LLC, is a globally known and widely regarded photographer who specializes in motorcycle photography. Commercial assignments in this arena have taken Mr. Lichter across America and abroad to Canada, Europe, Japan, Mexico, and New Zealand. While Mr. Lichter has published more than 1,200 articles on motorcycling and custom bikes, he has also taken photographs used in motorcycle magazine features, corporate annual reports including for Harley-Davidson, Inc., product marketing, general advertising, numerous brochures, and commercial and promotional posters. The diversity of Mr. Lichter's subject matter includes eleven coffee table books on motorcycling lifestyle and history, two cookbooks, covers for audio magazines, and nearly 100 beer books and magazines. Mr. Lichter's commercial motorcycle work over the years has included magazines that were distributed around the world and commercial clients like Indian Motorcycles, Big Dog Motorcycles, Wiley-X Sunglasses, Harley-Davidson, Kraft Foods, Oracle, Nikon Cameras, and many of the most well-known custom motorcycle builders in the world.

10. Mr. Lichter began his professional photography career in 1977. In 1979, *Easyriders* began publishing some of Mr. Lichter's motorcycle photography for smaller events and features. In 1980, Mr. Lichter was given location assignments specifically for *Easyriders* and has been photographing large scale events, like the Sturgis Motorcycle Rally, for the magazine and others ever since.

11. *Easyriders* magazine was founded in 1970 and published monthly for over 50 years. The magazine is internationally known for its coverage of motorcycles and related activities. The

4

work of Lichter Photography significantly contributed to the success of *Easyriders* for more than four decades.

12. In 2021, Corporate Defendants licensed the *Easyriders* brand from the trademark owner, Paisano Publications. Corporate Defendants, until in or around 2023, published the magazine as *Classic Easyriders* in print and digital form.

13. Corporate Defendants are managed and operated by Defendant Ray Pelosi. Alongside publishing the *Classic Easyriders* magazine, Corporate Defendants digitized older print content to make it available in digital format. The products are sold on the Corporate Defendants' websites or through online retailers, like Amazon.com.

14. In the hopes of getting the *Classic Easyriders* magazine to the level of the famous *Easyriders* magazine, Defendant Pelosi reached out to Mr. Lichter to develop new photography content. Defendant GIT Corp.'s blog on the subscription website for *Classic Easyriders* described Michael Lichter, saying:

> Everybody in the motorcycle scene knows Michael Lichter. He is without a doubt the world's best photographer of custom motorcycles and the biker lifestyle. His amazing and memorable images have been seen in *Easyriders* magazine for over 40 years and in many other periodicals and motorcycle-related books all over the planet. He is currently the Lead Photographer for the reimagined *Classic Easyriders* magazine.
>
> Mike will do absolutely anything to get a shot. I've seen him hang off the back of a speeding pickup truck to get just the right photo of a custom motorcycle as a pack of bikers roar down the highway right behind him. His photographic documentation of such renowned rallies as Sturgis, Laconia and Daytona are legendary as is his annual "Motorcycle as Art" museum show at the Buffalo Chip in Sturgis during the August Rally.
>
> *Classic Easyriders* magazine is very proud to announce that Michael Lichter is lending his talents here to show you a personal pick of some of his favorite photographs in biker lifestyle history. Rather than try to nail Mike down to his all-time Top Ten favorites, we agreed that these represent and interesting

collection of photos spanning many years of his amazing work. Call 'em Today's Top Ten.

15. Corporate Defendants contracted with Lichter Photography to continue Mr. Lichter's legacy and to include Lichter Photography content in issues of *Classic Easyriders*.

16. Corporate Defendants contracted with Lichter Photography to photograph a variety of motorcycles, personalities, and motorcycle events on assignment for *Classic Easyriders* from July 2021 through November 2022. After completing an assignment, Lichter Photography would send low-resolution copies of the photographs to the magazine for layout purposes. Corporate Defendants would then identify the photographs that it wished to use for the *Classic Easyriders* issue under development. After Corporate Defendants' selection, Lichter Photography would send the images in a high-resolution and edited format. Lichter Photography would also send an invoice for the photography services at the agreed rates, as well as expenses when applicable. Lichter Photograph sent these invoices from October 2021 to January 2023 for services that started in July 2021.

17. Each of Lichter Photography's invoices contained the amount due and a clause, expressly providing that:

> Time is of the essence for receipt of payment. Granting of right of usage is contingent upon payment and is subject to the terms and conditions provided in the Assignment Confirmation. Payment terms for this invoice are C.O.D. Balance is subject to monthly rebilling charges applied thereafter. Adjustment of amount, or terms, must be requested within 14 days of invoice date. All expenses are subject to normal trade variance of 10% from estimated amounts.

18. Although the invoices expressly state that "[a]djustment of amount, or terms, must be requested within 14 days," Corporate Defendants did not dispute or contact Lichter Photography regarding the adjustment of any of the amounts or terms shown on any invoice.

6

19. On multiple occasions, Defendant Pelosi and Corporate Defendants told Lichter Photography that they would complete payment of the invoices "soon."

20. On separate and likewise multiple occasions, Defendant Pelosi and Corporate Defendants told Lichter Photography that Corporate Defendants intended to set up a payment plan to pay a set amount every month toward the outstanding invoices.

21. Despite these promises, Defendant Pelosi and Corporate Defendants never followed through on either of these actions.

22. Corporate Defendants started publishing *Classic Easyriders* magazine in December 2021. Images and text provided by Lichter Photography appear in fourteen *Classic Easyriders* issues from December 2021 through January 2023 (issues CER555 through CER568).

23. Collections of Lichter Photography's photographs and text that were copied and distributed digitally in print in *Classic Easyriders* are provided in the table below (collectively, the "Lichter Works"). Each Lichter Works collection corresponds text and/or photographs that Defendants reproduced without authorization in a separate issue of *Classic Easyriders* magazine and includes all of the Lichter Photography photographs and/or text that appeared in that issue. The copyrights in each of these twelve works are registered with the United States Copyright Office.

| Title | Application No. Filing Date | Registration No. Registration Date |
|---|---|---|
| CER564 Photographs | 1-11980854941 11/30/2022 | VAu001489294 11/30/2022 |
| CER567 Photographs | 1-11976428871 11/30/2022 | VAu001489106 11/30/2022 |
| The Iron Horse Saloon – Take it in with all your senses! | 1-11980854909 11/30/2022 | TXu002348127 11/30/2022 |

7

| Title | Application No. Filing Date | Registration No. Registration Date |
|---|---|---|
| New School – Sick Sycles Run to Kernville | 1-11980842546 11/30/2022 | TXu009204209 11/30/2022 |
| A Two-Wheeled Playground – The TMMR | 1- 11980854846 11/30/2022 | TXu002356587 11/30/2022 |
| CER565 Photographs | 1-12001983021 12/08/2022 | VAu001487905 12/08/2022 |
| CER566 Photographs | 1-12001983128 12/08/2022 | VAu001487906 12/08/2022 |
| Japan Tour - Sometimes a Great Notion | 1-12001888376 12/08/2022 | TX0009206633 12/08/2022 |
| Mooneyes Yokohama. So That's How They Do It Over There! | 1-12001937439 12/08/2022 | TX0009206690 12/08/2022 |
| Born-Free 13, as Relevant as Ever | 1-12001888352 12/08/2022 | TX0009206637 12/08/2022 |
| CER568 Photographs | 1-12166905225 02/20/2023 | VAu001495411 02/20/2023 |
| A Two-Wheeled Playground-The TMMR-Photos | 1-12453807691 04/13/2023 | VAu001500994 04/13/2023 |

24. During its relationship with Defendant Pelosi and the Corporate Defendants, Lichter Photography sent 121 invoices for photography services and assignments, edited photographs, and travel expenses. Out of those 121 invoices, ninety-four invoices (hereafter, "the Invoices") dated from October 25, 2021, until January 24, 2023, remain unpaid.

25. As of the filing of this Complaint, Defendant Pelosi and Corporate Defendants have not paid the invoices associated with the use of any of the above-referenced copyrighted images.

26. Pursuant to the terms of the invoice and the parties' agreement, Defendant Pelosi and Corporate Defendants have not received any license to use any of the images in any way, including duplicating and distributing them in print and digital editions of *Classic Easyriders* magazine.

27. Corporate Defendants and Defendant Pelosi's copying of Plaintiff Lichter Photography's work is a blatant and willful infringement of the copyrights in those photographs and is an intentional disregard of the rights afforded to Lichter Photography under U.S. copyright law.

28. On March 3, 2023, Lichter Photography sent a cease-and-desist letter and account statement for the invoices to Defendants. Defendants completely ignored the letter.

## COUNT I – COPYRIGHT INFRINGEMENT

29. Plaintiff Lichter Photography reasserts the foregoing paragraphs of the Complaint as if fully set forth here.

30. Lichter Photography owns all right, title, and interest in and to Lichter Works.

31. Lichter Photography has registered each of the Lichter Works with the United States Copyright Office. Copies of the twelve copyright registrations and the registered materials for each are attached hereto as Exhibits 1-12.

32. The Defendants have infringed Lichter Photography's copyrights in each of the Lichter Works by including full copies of said works in issues of *Classic Easyriders* magazine.

33. Defendants' copying of each of the Lichter Works constitutes an unauthorized reproduction of each of Lichter Photography's copyrighted works in violation of 17 U.S.C. § 106(1).

34. Defendants' copying of each of the Lichter Works constitutes the preparation of unauthorized derivative works based upon each of Lichter Photography's copyrighted works in violation of 17 U.S.C. § 106(2).

35. Defendants' copying of each of the Lichter Works into issues of *Classic Easyriders* magazine and then distributing said magazines through sales to the public constitutes an unauthorized distribution of copies of each of Lichter Photography's copyrighted work in violation of 17 U.S.C. § 106(3).

36. Defendants knew or reasonably should have known that the Lichter Works were property of Lichter Photography.

37. Each of the Lichter Photography invoices expressly provides that "[g]ranting of right of usage *is contingent upon payment*" (emphasis added).

38. Defendants knew or reasonably should have known that each of the Lichter Works was protected by copyright.

39. Defendants' infringement of the Lichter Works was willful.

## COUNT II – BREACH OF CONTRACT

40. Lichter Photography reasserts the foregoing paragraphs of the Complaint as if fully set forth here.

41. Defendants contracted with Lichter Photography to include Lichter Photography photographs and written material in multiple issues of Defendants' *Classic Easyriders* magazine.

42. Lichter Photography performed photography services and supplied photographs and written materials, as requested by Defendants, from July 2021 through December 2022.

43. Lichter Photography performed all of the actions requested by Defendants pursuant to the contractual arrangement with Defendants.

44. From October 25, 2021, until January 24, 2023, Lichter Photography sent the Invoices to Defendants for Lichter Photography's photography and writing services and for the

right to use the Lichter Works. A Statement of Account identifying the dates, invoice numbers, applicable Lichter Works, relevant magazine issue numbers, and amounts due is attached hereto as Exhibit 13.

45. Defendants have failed to pay Lichter Photography for these services and for use of the Lichter Works pursuant to the parties' agreement.

46. Defendants have breached and continue to breach their obligations to Lichter Photography by failing to pay the invoices for the right to use the Lichter Works and for Lichter Photography's services related the creation of those works.

## COUNT III – CLAIM FOR ACCOUNT STATED
## COLORADO LAW

47. Lichter Photography reasserts the foregoing paragraphs of the Complaint as if fully set forth here.

48. Lichter Photography sent Invoices to Defendants for services provided by Lichter Photography and photographs and written materials accepted by Defendants.

49. The Invoices were dated from October 25, 2021, to January 24, 2023.

50. The Invoices set forth the amounts due to Lichter Photography, with payment to be made to Lichter Photography stating "[t]ime is of the essence for receipt of payment."

51. The Invoices maintain that "[a]djustment of amount, or terms, must be requested within 14 days of invoice date."

52. By demand dated March 3, 2023, Lichter Photography rendered a demand and statement of account to Defendants for the principal amounts owed to Lichter Photography for services, photographs, written materials that Defendants had requested, reviewed, and accepted.

53. The demand and statement of account indicated that Defendants owe Lichter Photography the principal amount of $120,182.27, plus interest from the date each such invoice was due.

54. The demand requested a response no later than March 13, 2023, to "discuss memorializing a payment arrangement."

55. Defendants retained the Invoices and statements of account beyond a reasonable amount of time without response or objection. Defendants have never denied that they owe Lichter Photography the amount set forth on any of the Invoices or on the statement of account.

56. Defendants' failure to object to the amounts owed within a reasonable time, and their acknowledgement of the debt, constitute an agreement to pay the amount owed as well as an acknowledgement and recognition of the correctness of the amounts.

57. As a result of Defendants' failure to pay the accounts stated, Lichter Photography has been damaged and is entitled to a judgment on its claims for the account stated.

## COUNT IV – CLAIM FOR ACCOUNT STATED
## NEW YORK LAW

58. Lichter Photography reasserts the foregoing paragraphs of the Complaint as if fully set forth here.

59. Lichter Photography sent Invoices to Defendants for services provided by Lichter Photography and for photographs written works accepted by Defendants.

60. The Invoices were dated from October 25, 2021, to January 24, 2023, and were sent on the dates identified in the Statement of Account in Exhibit 2.

61. The Invoices set forth the amounts due to Lichter Photography, with payment to be made to Lichter Photography stating "[t]ime is of the essence for receipt of payment."

62. The Invoices maintain that "[a]djustment of amount, or terms, must be requested within 14 days of invoice date."

63. By demand dated March 3, 2023, Lichter Photography rendered a demand and statement of account to Defendants for the principal amounts owed to Lichter Photography for services, photographs, written materials that Defendants had requested, reviewed, and accepted.

64. The demand and statement of account indicated that Defendants owe Lichter Photography the principal amount of $120,182.27, plus interest from the date each such invoice was due.

65. The demand requested a response no later than March 13, 2023, to "discuss memorializing a payment arrangement."

66. Defendants retained the Invoices and statements of account beyond a reasonable amount of time without response or objection. Defendants have never denied that they owe Lichter Photography the amount set forth on any of the Invoices or on the statement of account.

67. Defendants' failure to object to the amounts owed within a reasonable time, and their acknowledgement of the debt, constitute an agreement to pay the amount owed as well as an acknowledgement and recognition of the correctness of the amounts.

68. As a result of Defendants' failure to pay the accounts stated, Lichter Photography has been damaged and is entitled to a judgment on its claims for the account stated.

**COUNT V – UNJUST ENRICHMENT**

69. Lichter Photography reasserts the foregoing paragraphs of the Complaint as if fully set forth here.

70. Lichter Photography conferred a benefit on Defendants by providing requested photograph services, photographs, and written materials to Defendants.

71. Defendants accepted the benefit that Lichter Photography conferred.

72. Defendants have not paid Lichter Photography for services, photographs, and written materials that Defendants received and accepted.

73. Defendants knew or reasonably should have known that Lichter Photography expected to be compensated for the services, photographs, and written materials that Lichter Photography provided.

74. Defendant GIT Corp. has been damaged in at least the amount of $120,182.27 due to Defendants' failure to pay for services and photographs that Defendants accepted.

75. It would be unjust to permit Defendants to retain the benefits of Lichter Photography's services, photographs, and written materials without compensating Lichter Photography for the services, photographs, and written materials that Lichter Photography provided.

## COUNT VI – PROMISSORY ESTOPPEL

76. Lichter Photography reasserts the foregoing paragraphs of the Complaint as if fully set forth here.

77. Defendants made express and unambiguous promises to pay Lichter Photography for the services, photographs, and written materials that Defendants requested.

78. Defendants knew, intended, and expected that Lichter Photography would rely on these promises when Lichter Photography provided the services, photographs, and written materials to Defendants.

79. Lichter Photography had a right to rely upon Defendants' promises regarding payment.

80. Lichter Photography reasonably and detrimentally relied upon Defendants' promises and acted in a reasonable and justifiable way in performing the photography services and supplying the photographs to Defendants.

81. Lichter Photography notified Defendants of the completion of the promise when Lichter Photography sent the Invoices to Defendants dated between October 25, 2021, and January 24, 2023.

82. Lichter Photography further reasonably and detrimentally relied upon Defendants' promises to pay the Invoices and to set up a monthly payment plan.

83. As a result of Defendants' promises, the doctrine of promissory estoppel prohibits Defendants from denying the $120,182.27, plus interest from the dates the Invoices were rendered, that is due to Lichter Photography.

## COUNT VII – EQUITABLE ESTOPPEL

84. Lichter Photography reasserts the foregoing paragraphs of the Complaint as if fully set forth here.

85. Defendants contacted Lichter Photography requesting photograph services and photographs.

86. Defendants led Lichter Photography to believe that performance of photograph services and supplying photographs and written materials to Defendants would result in Defendants' paying Lichter Photography for those services, photographs, and written materials.

87. Lichter Photography was unaware that Defendants would not compensate Lichter Photography.

88. Lichter Photography reasonably and detrimentally relied upon Defendants' conduct and acted in a reasonable and justifiable way by performing the photograph services and supplying the photographs and written materials as requested by Defendants.

89. Lichter Photography notified Defendants of the completion of the promise when Lichter Photography sent the Invoices to Defendants dated between October 25, 2021, and January 24, 2023.

90. Lichter Photography reasonably and detrimentally relied upon Defendants' actions in representing that they would pay the invoiced amounts and set up a monthly payment plan to do so.

91. As a result of Defendants' conduct, the doctrine of equitable estoppel prohibits Defendants from denying the $120,182.27, plus interest from the date each Invoice was due, that is owed to Lichter Photography.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lichter Photography respectfully demands a judgment in its favor as follows:

a) Ordering Defendants permanently to cease and desist all reproduction, distribution, and public display of all unauthorized copies of any and all of the Lichter Works as well as the

reproduction, distribution, and public display of any and all unauthorized derivative works based upon any of the Lichter Works;

b) Pursuant to 17 U.S.C. § 504(c)(1), awarding Lichter Photography statutory damages in an amount equal to $30,000 for each of the Lichter Works that Defendants infringed or, alternatively if greater, awarding Lichter Photography its actual damages as well as the profits realized by Defendants as a result of Defendants' infringement of the Lichter Works, which, based on the twelve infringed, registered Lichter Works, equals $360,000;

c) Pursuant to 17 U.S.C. § 504(c)(1), awarding Lichter Photography its actual damages as well as the profits realized by Defendants as a result of Defendants' infringement of the Lichter Works, if greater than the statutory damages available under 17 U.S.C. § 504(c)(1);

d) Pursuant to 17 U.S.C. § 504(c)(2), awarding Lichter Photography statutory damages of $150,000 for each of the Lichter Works that Defendants infringed, which, based on the twelve infringed, registered Lichter Works, equals $1,800,000;

e) Pursuant to 17 U.S.C. § 505, awarding Lichter Photography its reasonable attorneys' fees and costs related to this dispute;

f) Ordering that Defendants render an accounting to Lichter Photography for any and all gains, profits, and benefits derived from Defendants' acts of infringement and ordering that all such amounts be deemed to be held in constructive trust for Lichter Photography;

g) Order Defendants to pay to Lichter Photography the actual damages that Lichter Photography suffered as a result of Defendants' breach of contract;

h) Order Defendants to disgorge all profits attributable to the breach of contract, the account stated, unjust enrichment, promissory estoppel, and equitable estoppel.

i) Awarding Lichter Photography such further and additional relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff Lichter Photography hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 24th day of October 2024.

        CAPLAN AND EARNEST LLC

        *s/ Gwyneth Whalen*
        Gwyneth Whalen
        CAPLAN AND EARNEST LLC
        3107 Iris Avenue, Suite 100
        Boulder, Colorado 80301
        303-443-8010
        gwhalen@celaw.com
        *Attorneys for Plaintiff*

        T. Earl LeVere (*pro hac vice* to be filed)
        Ice Miller LLP
        Arena District 250 West Street Suite 700
        Columbus, Ohio 43215
        Telephone: 614-462-1095
        Facsimile: 614-228-4847
        earl.levere@icemiller.com
        *Trial Attorney for Plaintiff*

4872-5923-8130, v. 1