IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02975-PAB-SBP

MICHAEL LICHTER PHOTOGRAPHY, LLC,

    Plaintiff,

v.

GIT CORP., and
RAY PELOSI,

    Defendants.

**ORDER**

This matter comes before the Court on the Motion for Entry of Default Judgment and Attorney's Fees [Docket No. 30].

## I. BACKGROUND

### A. **Factual Allegations**[1]

Plaintiff Michael Lichter Photography, LLC ("Lichter Photography") owns the copyrights to twelve different works, consisting of collections of photographs and texts (the "Works"). Docket No. 1 at 7-9, ¶¶ 23, 30-31; Docket No. 1-1 at 2-3; Docket No. 1-2 at 2-3; Docket No. 1-3 at 2-3; Docket No. 1-4 at 2-3; Docket No. 1-5 at 2-3; Docket No. 1-6 at 2-3; Docket No. 1-7 at 2-3; Docket No. 1-8 at 2-3; Docket No. 1-9 at 2-3; Docket No. 1-10 at 2-3; Docket No. 1-11 at 2-3; Docket No. 1-12 at 2-3. Defendant GIT Corp.

---

[1] Because of the Clerk of Court's entry of default against defendants, *see* Docket Nos. 23 and 27, the factual allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. See *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

("GIT") is a New York corporation that licenses and digitizes print content.  Docket No. 1 at 2, ¶ 2.  Upon information and belief, defendant Ray Pelosi is a New York resident who is the operator and 100% owner of GIT.  *Id.*, ¶ 3.  *Easyriders*—a magazine known for coverage of motorcycles and related activity—was founded in 1970 and was published monthly for over 50 years.  *Id.* at 4-5, ¶ 11.  In 2021, GIT licensed the *Easyriders* brand and began publishing the magazine as *Classic Easyriders* in print and digital form.  *Id.* at 5, ¶ 12.  Lichter Photography's owner, Michael Lichter, previously had his work published in *Easyriders*.  *Id.* at 4-6, ¶¶ 9, 14.  GIT contracted with Lichter Photography to include Lichter Photography content in issues of *Classic Easyriders*.  *Id.* at 6, ¶ 15.  GIT never paid for the content, but nevertheless included the Works in *Classic Easyriders* issues.  *Id.* at 7-8, ¶¶ 21-23.  Neither Mr. Pelosi nor GIT has received any license to use the Works in any way.  *Id.* at 8, ¶ 26.  On March 2, 2023, Lichter Photography sent a cease-and-desist letter to defendants.  *Id.*, at 9, ¶ 28.  Defendants ignored the letter.  *Id.*

### B. Procedural History

Lichter Photography filed this lawsuit on October 24, 2024.  *See generally id.*  Lichter Photography asserts claims against GIT and Mr. Pelosi for (I) Copyright Infringement; (II) Breach of Contract; (III) Claim for Account Stated under Colorado Law; (IV) Claim for Account Stated under New York Law; (V) Unjust Enrichment; (VI) Promissory Estoppel; and (VII) Equitable Estoppel.[2]  *Id.* at 9-16, ¶¶ 29-91.

---

[2] Lichter Photography also brought claims against GIT Media Group, Inc. and Graphic Imaging Technology, Inc., Docket No. 1 at 2, ¶ 2, but dismissed both defendants pursuant to Fed. R. Civ. P. 41(a)(1).  Docket Nos. 19 and 20.

On January 9, 2025, Lichter Photography served Mr. Pelosi. Docket No. 12. On January 14, 2025, Michael Lichter served GIT. Docket No. 13. Neither defendant has made an appearance in this action. On March 21, 2025, the Clerk of the Court entered default against GIT. Docket No. 23. On March 27, 2025, the Clerk of the Court entered default against Mr. Pelosi. Docket No. 27. On April 21, 2025, Michael Lichter filed the motion for default judgment. Docket No. 30.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

3

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

4

## III. ANALYSIS

### A. <u>Jurisdiction</u>

Before addressing the merits of plaintiff's motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over defendants. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

#### *1. Subject Matter Jurisdiction*

Lichter Photography claims that the Court has subject matter jurisdiction over its claims pursuant to 28 U.S.C. §§ 1332(a)(1), 1331, 1367, 1338(a), and 1338(b). Docket No. 30 at 5-6.

Section 1332(a)(1) grants federal district courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1). In its complaint, Lichter Photography alleges that it is a Colorado limited liability company with its principal place of business in Colorado. Docket No. 1 at 1, ¶ 1. The citizenship of a limited liability company is determined not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). However, in its Federal Rule of Civil Procedure 7.1 Corporate Disclosure Statement, Lichter Photography claims that it is "a Colorado corporation," Docket No. 2, which makes little

sense since its name includes the acronym "LLC" or "limited liability company." Moreover, the Colorado Secretary of State's website identifies Michael Lichter Photography, LLC as a limited liability company. Summary, https://www.coloradosos.gov/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=19951044247&entityId2=19951044247&fileId=19951044247&srchTyp=ENTITY (last visited Jan 15, 2026). Thus, notwithstanding the Rule 7.1 disclosure statement, the Court presumes Lichter Photography is a limited liability company. Thus, because Lichter Photography does not allege the citizenship of its members, its allegations are insufficient to show that the Court has diversity jurisdiction in this case. Furthermore, Lichter Photography's allegations regarding Mr. Pelosi are insufficient to establish that he is a New York citizen. Lichter Photography alleges that Mr. Pelosi is "a New York resident." Docket No. 1 at 2, ¶ 3. However, "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). Therefore, Lichter Photography has not shown that the Court has diversity jurisdiction over this case under § 1332(a)(1).

Section 1331 confers federal district courts with jurisdiction over "all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. One of Lichter Photography's claims, copyright infringement, arises under federal law. Thus, the Court has subject matter jurisdiction over that claim. Moreover, 28 U.S.C. § 1338(a) confers federal district courts with jurisdiction over "any civil action arising under any Act of

6

Congress relating to . . . copyrights and trademarks." This provides the Court with an alternative basis to exercise jurisdiction over the copyright infringement claim.[3]

Lichter Photography's remaining six claims arise under state law. Pursuant to 28 U.S.C. § 1367(a), the Court can exercise supplemental jurisdiction over these state law claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact." *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (quotations, alterations, and citations omitted). "[T]he Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion," and "district courts may decline to exercise supplemental jurisdiction." *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004). The Court finds that all of the claims derive from a common nucleus of operative fact. Specifically, all the claims arise out of defendants' failure to pay Lichter Photography for a license to use the Works, as per the parties' agreement. Docket No. 1 at 9-16, ¶¶ 29-91. However, there is reason for the Court to decline to exercise supplemental jurisdiction. Section 1367(c)(2) gives district courts discretion to decline the exercise of supplemental jurisdiction if "the claim substantially predominates over the claim . . . over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Here, Lichter Photography's claims arguably

---

[3] Lichter Photography argues that 28 U.S.C. § 1338(b) provides another ground for the Court to exercise subject matter jurisdiction. Docket No. 1 at 3, ¶ 6. Section 1338(b) confers district courts with jurisdiction "of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright . . . laws." 28 U.S.C. § 1338(b). This is inapplicable here, since Lichter Photography alleges no unfair competition claim. *See generally* Docket No. 1.

7

center around the breach of the parties' agreements for defendants to pay Lichter Photography for the license to use the Works, with defendants publishing the Works without payment. Moreover, the six state law claims quantitatively predominate over the one federal claim. On the other hand, the breach of the agreement centers around the fact that defendants infringed Lichter Photography's copyright. Ultimately, the Court does not find it necessary to determine whether it should exercise supplemental jurisdiction over the state law claims because other legal issues preclude entering default judgment, as will be explained below.

### 2. Personal Jurisdiction

Plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988); *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020). Plaintiff can satisfy its burden by making a *prima facie* showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). However, "[c]onclusory allegations as to the transaction of business, devoid of further factual support, are insufficient to establish a good faith basis for personal jurisdiction over a defendant." *Ryuunosuke Takeshige v. Rich Board, LLC*, No. 20-cv-1262-WJM-KLM, 2021 WL 2351036, at *2 (D. Colo. June 9, 2021) (citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014)). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the court need not look further. *AST Sports Sci., Inc.*, 514 F.3d, at 1057. The plaintiff, however, may also make this *prima*

*facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process. *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

Furthermore, proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."). Without proper service, the court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992).

### a. Service of Process

Federal Rule of Civil Procedure 4(e) governs the service of individuals. Rule 4(e)(2) states that service on individuals may be effectuated by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Mr. Pelosi is an individual. Docket No. 1 at 2, ¶ 3. On January 9, 2025, Lichter Photography's process server served Mr. Pelosi at 25 Half Mile Rd., Red Bank, New Jersey. Docket No. 12. Lichter Photography asserts that Mr. Pelosi was served at his residence. Docket No. 30 at 5. Therefore, the Court finds that Mr. Pelosi was properly served.

Federal Rule of Civil Procedure 4(h) governs the service of corporations. Rule 4(h)(1)(B) provides that a plaintiff may serve process on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); *see also Howarth*, 2021 WL 4775270, at *3. GIT is a corporation. Docket No. 1 at 2, ¶ 2. On January 14, 2025, Lichter Photography's process server served Tyla Hyman. Docket No. 13. The proof of service form states that Ms. Hyman is "designated by law to accept service of process on behalf of . . . GIT." *Id.* Therefore, the Court finds that GIT was properly served.

### b. General Jurisdiction

General jurisdiction extends to "any and all claims" brought against a defendant, including claims that have no relation to the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (citation omitted). A court may exercise general jurisdiction only when a defendant is "essentially at home" in the state. *Id*. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). For corporations, "the place of incorporation and principal place of business are 'paradig[m]... bases for general jurisdiction.'" *Daimler AG*, 571 U.S. at 137 (citation omitted); *see also Ford Motor Co.*, 592 U.S. at 358-59. Lichter Photography alleges Mr. Pelosi is "a New York resident."[4] Docket No. 1 at 2, ¶ 3. Lichter Photography also alleges that GIT is a "New York corporation[ ] . . . with a principal place of business in Brooklyn, New York." Docket No. 1 at 2, ¶ 2. Lichter Photography does not state any facts that would render Mr. Pelosi or GIT "essentially at home" in Colorado. Accordingly, the Court finds that neither defendant is subject to general jurisdiction in Colorado.

### c. Specific Jurisdiction

Specific jurisdiction is present if the lawsuit "aris[es] out of or relat[es] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 582

---

[4] Lichter Photography does not allege that Mr. Pelosi intends to remain in New York and thus does not sufficiently allege that Mr. Pelosi is domiciled in New York. Docket No. 1 at 2, ¶ 3.

11

U.S. 255, 262 (2017).  That is, "[a] plaintiff's injury must 'arise out of or relate to' the defendant's forum contacts."  *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1284 (10th Cir. 2020) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985)).  In other words, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"  *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear Dunlop Tires Operations, S. A.*, 564 U.S. at 919).

The specific jurisdiction analysis is two-fold.  First, the court must determine whether a defendant has such minimum contacts with Colorado that the defendant "should reasonably anticipate being haled into court" there.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Within this inquiry, the court must determine whether the defendant purposefully directed its activities at residents of the forum, *Burger King*, 471 U.S. at 472, and whether plaintiff's claim arises out of or results from "actions by . . . defendant . . . that create a substantial connection with the forum State."  *Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (internal quotations omitted).  "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'"  *Ford Motor Co.*, 592 U.S. at 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).  "They must show that the defendant deliberately 'reached out beyond' its home – by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there."  *Id*. (citation omitted).  Second, if a defendant's actions create sufficient minimum contacts, the court must consider whether the exercise of personal jurisdiction over the defendant offends

12

"traditional notions of fair play and substantial justice." *Asahi*, 480 U.S. at 105. The court considers several factors as part of this analysis, including: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477.

Lichter Photography's sole allegation that the Court has personal jurisdiction is that "each of the Defendants has had substantial contacts with Colorado related to the actions and offenses alleged in this Complaint." Docket No. 1 at 3, ¶ 7. Lichter Photography provides no information regarding what those contacts are or why defendants should anticipate being haled into court in Colorado. *See generally id.*; Docket No. 30. Plaintiff makes no allegations, for example, that the contract was negotiated or drafted in Colorado or that the infringing Works were marketed to Colorado citizens. As the court noted in *Ryuunosuke Takeshige*, 2021 WL 2351036, at *2, "Plaintiff's sole allegation as to personal jurisdiction is vague and conclusory, and does not set forth a colorable basis for the Court's exercise of personal jurisdiction over Defendant." Lichter Photography may be able to plead facts demonstrating that the Court has specific personal jurisdiction over defendants, but it has not done so at this stage. Accordingly, the Court will deny the request for default judgment without prejudice for failure to plead sufficient facts showing personal jurisdiction. *See United States v. Noell*, No. 22-cv-02538-PAB-SBP, 2023 WL 4204669, at *5 (D. Colo. June 27,

13

2023) (denying default judgment motion without prejudice for failure to plead sufficient personal jurisdiction allegations).

IV.  **CONCLUSION**

It is therefore

**ORDERED** that the Motion for Entry of Default Judgment and Attorney's Fees [Docket No. 30] is **DENIED without prejudice**.

DATED January 26, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

14